WILLIAM P. BARR
ATTORNEY GENERAL

CRAIG CARPENITO
United States Attorney
MICHAEL E. CAMPION
SUSAN MILLENKY
Assistant U.S. Attorneys
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2700

ERIC S. DREIBAND
Assistant Attorney General
Civil Rights Division
SAMEENA SHINA MAJEED
Chief
R. TAMAR HAGLER
Deputy Chief
ERIN MEEHAN RICHMOND
KATHRYN LEGOMSKY
Trial Attorneys
United States Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
950 Pennsylvania Avenue, NW – 4CON
Washington, DC 20530

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSEPH CENTANNI,<br><br>                Defendant. | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

The United States of America alleges as follows:

1. The United States brings this action to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended, 42 U.S.C. §§ 3601-3619, 3631 ("Fair Housing Act").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(a).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because the actions and omissions giving rise to the United States' allegations occurred in the District of New Jersey, and the defendant resides in the District of New Jersey.

## FACTUAL ALLEGATIONS

4. Defendant Joseph Centanni (hereafter "Defendant" or "Centanni") resides in the Borough of Mountainside in Union County, New Jersey.

5. During part or all of the period of time relevant to this action, Centanni owned and operated approximately eighteen residential rental properties (the "subject properties") in and around the City of Elizabeth in Union County, New Jersey.

6. The subject properties are multi-family apartment buildings that range in size from four to 100 units.

7. The subject properties include, but are not limited to, the following properties in the City of Elizabeth: 707 North Broad Street, 1263 Clinton Place, 249

West Jersey Street, 147 West Jersey Street, 132 Orchard Street, and 516 Cherry Street.

8. The subject properties are dwellings within the meaning of 42 U.S.C. § 3602(b).

9. At all times relevant to this action, Centanni has participated in the Housing Choice Voucher Program, a federally-funded, locally administered rental assistance program that subsidizes the rent of lower-income families, the elderly, and people with disabilities.

10. As of April 2020, Centanni had approximately 120 tenants with Housing Choice Vouchers and received approximately $102,000 each month in Housing Choice Voucher payments.

11. At all times relevant to this action, Centanni has been actively involved in the management of the subject properties, including, but not limited to, showing the properties to prospective tenants, collecting rent, receiving maintenance requests, inspecting completed maintenance work, communicating with tenants regarding difficulties paying rent, and initiating eviction proceedings.

12. Since at least 2005, and as recently as 2019, Centanni has subjected actual and prospective tenants of the subject properties to discrimination on the basis of sex, including unwelcome and severe or pervasive sexual harassment, on multiple occasions. This conduct has included, but is not limited to:

    a. Demanding that prospective tenants provide him with sexual favors, including oral sex, in order to obtain housing;

  b. Demanding that actual tenants provide him with sexual favors, including oral sex, in order to not lose housing;

  c. Offering to grant tangible housing benefits—such as reducing rent, helping to obtain rental assistance, or excusing late or unpaid rent—to tenants in exchange for sexual favors, including oral sex;

  d. Subjecting actual and prospective tenants to unwelcome sexual touching;

  e. Exposing his genitals to actual and prospective tenants;

  f. Making unwelcome sexual comments and sexual advances to actual and prospective tenants; and

  g. Taking adverse housing actions, such as initiating eviction actions, or threatening to do so, against tenants who objected to or refused his sexual advances.

13. For example, in 2019, a female tenant approached Centanni about anticipated difficulty in paying her rent. Centanni offered to connect her to rental assistance and asked what she would do for him in exchange. He then brought her to an empty apartment. There, he asked her for a massage and exposed himself. He then subjected her to unwanted sexual touching by using his hands to move both of hers to touch his testicles and penis as she said words to the effect of "no," and "don't do that." After this incident, Centanni helped the tenant apply for rental assistance.

14. In another example, in 2019, a female tenant who had agreed to move out approached Centanni and asked him if she could stay because she was having a

hard time finding a new apartment. Centanni asked her words to the effect of "how bad do you want your apartment?" and took her to an empty storage room. There, Centanni exposed himself and asked for oral sex. Because she felt like she had no choice, the tenant submitted to Centanni's sexual demand. After this incident, Centanni allowed her to stay in her apartment.

15. In another example, in or around 2017, a prospective female tenant approached Centanni and expressed interest in renting an apartment from him. He took her to an empty laundry room. There, Centanni asked her words to the effect of, "if I give you an apartment, what will you do for me?" and stated words to the effect of, "when I call on you, it's a favor for a favor." When the prospective tenant did not immediately respond, Centanni stated words to the effect of, "I want you to go down on me." Based on Centanni's words, tone of voice, and body language, the prospective tenant understood him to be demanding oral sex. She did not submit to his demand, and Centanni refused to rent an apartment to her.

16. The experiences of these individuals were part of Defendant Joseph Centanni's longstanding pattern and practice of illegal sexual harassment of multiple actual and prospective tenants.

## CAUSE OF ACTION

17. By the actions and statements described above, Defendant Joseph Centanni has:

    a. Denied dwellings or otherwise made dwellings unavailable because of sex, in violation of 42 U.S.C. § 3604(a);

    b. Discriminated in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of 42 U.S.C. § 3604(b);

    c. Made statements with respect to the rental of dwellings that indicate a preference, a limitation, or discrimination based on sex, in violation 42 U.S.C. § 3604(c); and

    d. Coerced, intimidated, threatened, or interfered with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

18. Under 42 U.S.C. § 3614(a), Centanni's conduct constitutes:

    a. A pattern or practice of resistance to the full enjoyment of the rights granted by the Fair Housing Act, and

    b. A denial to a group of persons of rights granted by the Fair Housing Act that raises an issue of general public importance.

19. Actual and prospective tenants have been injured by the Defendant's discriminatory conduct. These persons are "aggrieved persons" as defined in 42 U.S.C. § 3602(i) and have suffered damages as a result of the Defendant's conduct.

20. Centanni's conduct was intentional, willful, and taken in reckless disregard of the rights of others.

## **PRAYER FOR RELIEF**

WHEREFORE, the United States requests that the Court enter an Order that:

a. Declares that the defendant Joseph Centanni's discriminatory practices violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601-3619, 3631;

b. Enjoins the Defendant, his agents, employees, and successors, and all other persons in active concert or participation with him, from:

    i. Discriminating on the basis of sex, including engaging in sexual harassment, in any aspect of the rental of a dwelling;

    ii. Interfering with or threatening to take any action against any person engaged in the exercise or enjoyment of rights granted or protected by the Fair Housing Act;

    iii. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of the Defendant's past unlawful practices to the position they would have been in but for the discriminatory conduct; and

    iv. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, as nearly as practicable, the effects of the Defendant's unlawful practices;

c. Awards monetary damages to each person aggrieved by the Defendant's discriminatory conduct, under 42 U.S.C. § 3614(d)(1)(B);

d. Assesses civil penalties against the Defendant to vindicate the public interest, under 42 U.S.C. § 3614(d)(1)(C); and

e. Awards such additional relief as the interests of justice may require.

# JURY DEMAND

The United States hereby demands a trial by jury of all issues triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 5, 2020

                                       Respectfully submitted,

                                       WILLIAM P. BARR
                                       Attorney General

| | |
|---|---|
| CRAIG CARPENITO<br>United States Attorney<br>District of New Jersey | ERIC S. DREIBAND<br>Assistant Attorney General<br>Civil Rights Division |
| | SAMEENA SHINA MAJEED<br>Chief |
| */s/ Susan Millenky*<br>MICHAEL E. CAMPION<br>Chief, Civil Rights Unit<br>SUSAN MILLENKY<br>Assistant U.S. Attorneys<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>Phone: (973) 297-2067<br>Fax: (973) 297-2010<br>Email: susan.millenky@usdoj.gov | */s/ Erin Meehan Richmond*<br>R. TAMAR HAGLER<br>Deputy Chief<br>ERIN MEEHAN RICHMOND<br>KATHRYN LEGOMSKY<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 307-0385<br>Fax: (202) 514-1116<br>E-mail: erin.richmond@usdoj.gov<br><br>Attorneys for Plaintiff<br>United States of America |

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | ❏ 820 Copyrights | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 830 Patent | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 835 Patent - Abbreviated New Drug Application | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | | | ❏ 840 Trademark | ❏ 460 Deportation |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____