UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>JOSEPH CENTANNI,<br><br>　　　　　　　　Defendant. | Civil Action No. 2:20-cv-10053-JMV-AME |

**[PROPOSED] ORDER GRANTING DEFENDANT'S REQUEST FOR A STAY**

　　　This matter having come before the Court upon the unopposed request of Defendant Joseph Centanni for a six-month stay of this action; and the United States having filed this civil action on August 5, 2020 alleging that Mr. Centanni engaged in a pattern or practice of discrimination, and denied a group of persons the rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, et seq. by sexually harassing tenants and prospective tenants; and Mr. Centanni having denied all of the allegations in the complaint in an answer filed on October 2, 2020; and the Union County Prosecutor's Office having filed thirteen criminal complaints against Mr. Centanni and arresting Mr. Centanni on March 19, 2021; and Mr. Centanni having denied all of the allegations in the criminal complaints; and there being significant overlap between the State criminal complaints filed against Mr. Centanni and the allegations asserted by the United States in this civil action; and for good cause shown;

　　　**IT IS** on this ___ day of _____, 2021,

**ORDERED** that this civil action shall be stayed for a period of six months from the date of entry of this Order; and it is further

**ORDERED** that, notwithstanding the entry of this stay Order, the United States may, on notice to Defendant's counsel, issue and pursue third-party subpoenas under Fed. R. Civ. P. 45 demanding the production of documents, electronically stored information, or tangible things from third-party private or governmental entities who may have provided assistance for tenants, residents, or prospective tenants of Mr. Centanni, including assistance with rental payments or security deposits. Once a stay of this action is lifted, the United States will produce to Defendant's counsel copies of all documents, electronically stored information, or tangible things obtained in response to such subpoenas; and it is further

**ORDERED** that, notwithstanding the entry of this stay Order, the parties shall continue to be bound by the Protective Order entered by the Court on November 17, 2020 [ECF No. 10] and the Stipulation and Order Regarding Discovery entered by the Court on January 12, 2021 [ECF No. 16]; and it is further

**ORDERED** that, notwithstanding the entry of this stay Order, the parties may move the Court for relief for any alleged violation(s) of the Protective Order or the Stipulation and Order Regarding Discovery if the parties are unable to resolve their disputes about the alleged violation(s) following a good faith effort to meet and confer.

_____
John Michael Vazquez, U.S.D.J.