MERRICK B. GARLAND
ATTORNEY GENERAL

| | |
|---|---|
| KRISTEN CLARKE | RACHAEL A. HONIG |
| Assistant Attorney General | Acting United States Attorney |
| Civil Rights Division | MICHAEL E. CAMPION |
| SAMEENA SHINA MAJEED | Chief, Civil Rights Unit |
| Chief | SUSAN MILLENKY |
| R. TAMAR HAGLER | Assistant U.S. Attorney |
| Deputy Chief | 970 Broad Street, Suite 700 |
| ERIN MEEHAN RICHMOND | Newark, NJ 07102 |
| KATHRYN LEGOMSKY | Tel: (973) 645-2700 |
| Attorneys | |
| United States Department of Justice | |
| Civil Rights Division | |
| Housing and Civil Enforcement Section | |
| 950 Pennsylvania Avenue, NW | |
| Washington, DC 20530 | |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

      *Plaintiff*,

v.

JOSEPH CENTANNI,

      *Defendant.*

Civil Action No. 2:20-cv-10053-JXN-AME

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR ENTRY OF CONSENT DECREE**

I. **Background**

Plaintiff the United States of America and defendant Joseph Centanni (collectively, the Parties) seek the Court's approval of a consent decree designed to

resolve alleged violations of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3631 (the Fair Housing Act). If approved by the Court, the proposed consent decree will resolve the allegations in full. The Parties negotiated the proposed consent decree over several months, and after several months of fact discovery in the above-captioned matter.

On August 5, 2020, the United States filed a complaint in the above-captioned matter to enforce the Fair Housing Act. The United States' complaint alleged that, since at least 2005, defendant Joseph Centanni engaged in a pattern or practice of discrimination because of sex in violation of the Fair Housing Act. *See generally* Compl., ECF No. 1. Defendant answered the complaint on October 2, 2020, denying the allegations in their entirety. The Court entered a pretrial scheduling order on November 30, 2020 and the Parties began written discovery. On April 16, 2021, the defendant made an unopposed request for a six-month stay of proceedings, *see* ECF No. 21, which the Court granted on April 19, 2021, *see* ECF No. 22. The stay expired on October 19, 2021. *Id.* Throughout the stay, the Parties engaged in negotiations to resolve the matter without the cost and delay of protracted litigation. After many hours of negotiation, the Parties now request that the Court approve and enter the proposed consent decree. The proposed consent decree, among other provisions, would permanently enjoin the defendant from performing any property management activities in any residential property, create a settlement fund for individuals alleged to have been aggrieved by defendant's conduct, and obligate the defendant to pay an amount to the United States equal to the maximum civil penalty allowed by statute.

The proposed consent decree does not constitute an admission or acknowledgment of liability by the defendant.

## II.     Discussion

Public policy strongly favors settlement in "complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995) (citations omitted); *see also United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999); *United States v. Atlas Minerals & Chemicals, Inc.*, 851 F. Supp. 639, 648 (E.D. Pa. 1994). While the entry of a consent decree is committed to the Court's discretion, "strong policy considerations favor entry." *Atlas Minerals & Chemicals, Inc.*, 851 F. Supp. at 648. These policy considerations are "particularly strong" when "the government has brought suit to obtain compliance with the law and determines that settlement of dispute by consent decree is in the public interest." *Id.* (citing *United States v. Cannons Engineering Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)). The Court should enter a consent decree if it is "fair, reasonable, and consistent with the Constitution and the mandate of law. *United States v. Kramer,* 19 F. Supp. 2d 273, 280 (D.N.J. 1998) (citations omitted); *see also United States v. Alsol Corp.*, 13-cv-00380, 2021 WL 1050373, at *2 (D.N.J. Mar. 19, 2021); *United States v. New Jersey*, No. 10-91, 2012 WL 3265905, at *7 (D.N.J. Jun. 12, 2012), *aff'd*, 522 F. App'x 167 (3d Cir. 2013); *United States v. Atofina Chems, Inc.*, No. 01-cv-7087, 2002 WL 1832825, at *1 (E.D. Pa. Aug. 5, 2002).

This Court should approve the proposed consent decree because the proposed

resolution does not violate law or policy, is the result of months of extensive, arms-length negotiations by counsel for both Parties, and is a fair, reasonable, and adequate resolution of allegations set forth in the United States' complaint. The Parties voluntarily entered into the proposed consent decree after carefully considering applicable law, the effectiveness of the proposed remedies, and the interests of both the defendant and the individuals allegedly aggrieved by his conduct.

### III. Conclusion

For the foregoing reasons, the Parties respectfully and jointly request that the Court approve the consent decree in its entirety and enter it as an order of the Court.

FOR PLAINTIFF UNITED STATES OF AMERICA:

Dated:  December 14, 2021

| | |
|---|---|
| RACHAEL A. HONIG<br>Acting United States Attorney<br>District of New Jersey | KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division<br><br>SAMEENA SHINA MAJEED<br>Chief |
| By:  *s/ Susan Millenky*<br>MICHAEL E. CAMPION<br>Chief, Civil Rights Unit<br>SUSAN MILLENKY<br>Assistant U.S. Attorney<br>970 Broad Street, Suite 700<br>Newark, NJ 07102<br>Phone: (973) 645-2700<br>Fax: (973) 297-2010<br>susan.millenky@usdoj.gov | By:  *s/ Erin Meehan Richmond*<br>R. TAMAR HAGLER<br>Deputy Chief<br>ERIN MEEHAN RICHMOND<br>KATHRYN LEGOMSKY<br>Trial Attorneys<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave. NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 307-0385<br>Fax: (202) 514-1116<br>erin.richmond@usdoj.gov |

*Attorneys for Plaintiff United States of America*

FOR DEFENDANT JOSEPH CENTANNI:

Dated:  December 14, 2021

| LONDA & LONDA | PASHMAN STEIN WALDER HAYDEN |
|---|---|
| By:   *s/ Raymond S. Londa*<br>RAYMOND S. LONDA<br>Londa & Londa 277<br>N. Broad St.<br>Elizabeth, NJ 07202<br>Phone: (908) 353-5600<br>Fax: (908) 353-5610<br>Email:<br>raymondslonda@outlook.com | By:   *s/ Joseph A. Hayden, Jr.*<br>JOSEPH A. HAYDEN, JR.<br>BRENDAN M. WALSH<br>Pashman Stein Walder Hayden<br>Court Plaza South<br>21 Main St., Suite 200<br>Hackensack, NJ 07601<br>Phone: (201) 488-8200<br>Fax: (201) 488-5556<br>Email:<br>jhayden@pashmanstein.com<br>bwalsh@pashmanstein.com |

*Attorneys for Defendant Joseph Centanni*